# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| IN RE: ) | In Proceedings |
| ) | Under Chapter 13 |
| INGRID MINETTE WOODS, ) | |
| ) | |
|     Debtor. ) | |
| ) | BK  10-30783 |
| INGRID MINETTE WOODS, ) | |
| ) | |
|     Plaintiff, ) | |
| ) | ADV  14- |
| vs. ) | |
| ) | |
| LEX SPECIAL ASSETS, LLC AS SERVICED BY ) | |
| NATIONSTAR MORTGAGE, LLC, ) | |
| ) | |
|     Defendant. ) | |

## COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW the Plaintiff, Ingrid Minette Woods, by and through her attorneys, Law Offices of Mueller and Haller, L.L.C., and for her Complaint for Declaratory Judgment states as follows:

1. On March 29, 2010, the Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. At the time of filing, MetLife Home Loans had a mortgage on the Plaintiff's real estate. The mortgage was included on Schedule D of the Plaintiff's bankruptcy petition with a debt of $54,980.00.

6. On March 29, 2010, the Plaintiff filed her original Chapter 13 Plan, which provided for

the Chapter 13 Trustee to pay a monthly mortgage payment of $572.00 to MetLife Home Loans beginning with the payment due April 1, 2010. Said Plan further provided for the Trustee to cure the mortgage arrearage of $8,821.00.

7. On April 21, 2010, Attorney Cheryl Considine filed Proof of Claim #3-1 on behalf of MetLife Home Loans. Said Proof of Claim was filed in the amount of $59,328.00 secured, which included a mortgage arrearage of $12,176.29. Said Proof of Claim #3-1 indicated that $489.45 of the mortgage arrearage was due to an escrow shortage or deficiency. Further, said Proof of Claim #3-1 indicated that the Chapter 13 Trustee is to begin making post-petition payments to MetLife Home Loans at the rate of $587.61 per month beginning with the April 1, 2010 post-petition payment.

8. On April 23, 2010, Plaintiff's counsel received a letter, dated April 5, 2010, from First Horizon Home Loans. Said letter advised that the mortgage payment would be increasing to $593.95 effective with the payment due June 1, 2010 due to an escrow analysis.

9. A review of the Court's Docket Report for bankruptcy case number 10-30783 reveals that no Mortgagee's Notice of Adjusted Amount/ Mortgage Payment Change was filed with the Court as required by Bankruptcy Rule 3002.1 (b).

10. On June 17, 2010, the Plaintiff filed her Amended Plan Number One, which provided for the Chapter 13 Trustee to pay a monthly mortgage payment of $587.61 to MetLife Home Loans beginning with the payment due April 1, 2010. Said Plan further provided for the Trustee to cure the mortgage arrearage of $12,176.29.

11. On August 10, 2010, the Court entered the Order Confirming Amended Plan Number One.

12. On May 4, 2012, a Transfer of Claim Other Than for Security was filed by Lex Special Assets, LLC as Serviced by Nationstar Mortgage, LLC.

13. On February 6, 2014, the Plaintiff provided counsel with her Annual Tax and Interest Statement for 2013 from Nationstar Mortgage, LLC. Said statement advised that the current total payment was $617.49 with a current escrow payment of $203.82.

14. A review of the Court's Docket Report for bankruptcy case number 10-30783 reveals that no Notice of Mortgage Payment Change was filed with the Court as required by Bankruptcy Rule 3002.1(b).

15. On or about March 27, 2014, Madison County, Illinois issued a Notice indicating that the Plaintiff's property had been sold for delinquent taxes on February 13, 2014.

16. Despite collecting escrow funds for payment of real estate taxes, the Defendant has failed to pay the 2012 real estate taxes due on the property on a timely basis.

17. The Plaintiff requests the Defendant be ordered to immediately pay the 2012 real estate taxes.

18. The Plaintiff requests that the Defendant be required to pay any and all late fees and costs owed to Madison County, Illinois that have accrued as a result of the Defendant's failure to timely pay the 2012 real estate taxes due on the property. Further, the Plaintiff requests that the Defendant be prohibited from attempting to collect any late fees and charges from the Plaintiff as a result of the Defendant's failure to timely pay the 2012 real estate taxes due on the property.

19. Due to the failure of the Defendant to timely file any and all mortgage payment changes with the Court as required, there appears to be a significant delinquency in post-petition

mortgage payments. Further, there are at least two (2) mortgage payment changes not filed with the Court as required that Plaintiff's counsel has been able to identify.

20. The Plaintiff requests documentation and proof regarding any and all mortgage payment changes from March 29, 2010.

21. The Plaintiff requests an explanation why the Defendant failed to file any and all of the mortgage payment changes with the Court as required.

WHEREFORE, the Plaintiff prays this Honorable Court enter an Order for Declaratory Judgment for the Defendant to immediately pay the 2012 real estate taxes, for the Defendant to pay any and all fees and costs owed to Madison County, Illinois that have accrued as a result of the Defendant's failure to timely pay the 2012 real estate taxes due, that the Defendant be prohibited from attempting to collect any late fees and charges from the Plaintiff as a result of the Defendant's failure to timely pay the 2012 real estate taxes due, that the Defendant provide documentation and proof of any and all mortgage payment changes associated with the note from March 29, 2010, through the current date, that the Defendant be ordered to provide an explanation as to why the Defendant failed to file any and all of the mortgage payment changes with the Court as required, that the Defendant be ordered to pay all reasonable legal fees and expenses incurred by the Plaintiff's attorney pursuant to Bankruptcy Rule 3002.1(i), that Defendant not be allowed to charge attorney's fees or costs for defending this adversary, and for such other relief as the Court deems just and proper.

INGRID MINETTE WOODS,

By: /s/ William A. Mueller
William A. Mueller-#06187732
James J. Haller-#06226796
Rachel A. Hill-#51818
Attorneys for Plaintiffs
5312 West Main Street
Belleville, Illinois 62226
(618) 236-7000