**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF ILLINOIS**

| | | |
|---|---|---|
| IN RE: | ) | In Proceedings |
| | ) | Under Chapter 13 |
| INGRID MINETTE WOODS, | ) | |
| | ) | |
| Debtor. | ) | |
| | ) | BK    10-30783 |
| INGRID MINETTE WOODS, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | ADV    14-3034 |
| vs. | ) | |
| | ) | |
| CARRINGTON MORTGAGE SERVICES; | ) | |
| RUSHMORE LOAN MANAGEMENT SERVICES | ) | |
| | ) | |
| Defendant. | ) | |

**AMENDED COMPLAINT FOR**
**DECLARATORY JUDGMENT AND TURNOVER OF FUNDS**

COMES NOW the Plaintiff, Ingrid Minette Woods, by and through her attorneys, Law Offices of Mueller and Haller, L.L.C., and for her Amended Complaint for Declaratory Judgment and Turnover of Funds pursuant to Bankruptcy Rules 7001(1), (7) and (9) states as follows:

1. On March 29, 2010, the Plaintiff filed for relief under Chapter 13 of the Bankruptcy Code.

2. This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 157(b)(1).

3. This is a "core" proceeding under 28 U.S.C. § 157(b)(2)(A), (b)(2)(E) and (b)(2)(O).

4. Venue is proper in this Court pursuant to 28 U.S.C. § 1409.

5. At the time of filing, MetLife Home Loans had a mortgage on the Plaintiff's real estate. The mortgage was included on Schedule D of the Plaintiff's bankruptcy petition with a debt of $54,980.00.

6. On March 29, 2010, the Plaintiff filed her original Chapter 13 Plan, which provided for

the Chapter 13 Trustee to pay a monthly mortgage payment of $572.00 to MetLife Home Loans beginning with the payment due April 1, 2010. Said Plan further provided for the Trustee to cure the mortgage arrearage of $8,821.00.

7. On April 21, 2010, Attorney Cheryl Considine filed Proof of Claim #3-1 on behalf of MetLife Home Loans. Said Proof of Claim was filed in the amount of $59,328.00 secured, which included a mortgage arrearage of $12,176.29. Said Proof of Claim #3-1 indicated that $489.45 of the mortgage arrearage was due to an escrow shortage or deficiency. Further, said Proof of Claim #3-1 indicated that the Chapter 13 Trustee is to begin making post-petition payments to MetLife Home Loans at the rate of $587.61 per month beginning with the April 1, 2010 post-petition payment.

8. On April 23, 2010, Plaintiff's counsel received a letter, dated April 5, 2010, from First Horizon Home Loans. Said letter advised that the mortgage payment would be increasing to $593.95 effective with the payment due June 1, 2010 due to an escrow analysis.

9. A review of the Court's Docket Report for bankruptcy case number 10-30783 reveals that no Mortgagee's Notice of Adjusted Amount/ Mortgage Payment Change was filed with the Court as required by Bankruptcy Rule 3002.1 (b).

10. On June 17, 2010, the Plaintiff filed her Amended Plan Number One, which provided for the Chapter 13 Trustee to pay a monthly mortgage payment of $587.61 to MetLife Home Loans beginning with the payment due April 1, 2010. Said Plan further provided for the Trustee to cure the mortgage arrearage of $12,176.29.

11. On August 10, 2010, the Court entered the Order Confirming Amended Plan Number One.

12. On May 4, 2012, a Transfer of Claim Other Than for Security was filed by Lex Special Assets, LLC as Serviced by Nationstar Mortgage, LLC.

13. On February 6, 2014, the Plaintiff provided counsel with her Annual Tax and Interest Statement for 2013 from Nationstar Mortgage, LLC. Said statement advised that the current total payment was $617.49 with a current escrow payment of $203.82.

14. A review of the Court's Docket Report for bankruptcy case number 10-30783 reveals that no Notice of Mortgage Payment Change was filed with the Court as required by Bankruptcy Rule 3002.1(b).

15. On or about March 27, 2014, Madison County, Illinois issued a Notice indicating that the Plaintiff's property had been sold for delinquent taxes on February 13, 2014.

16. On or about June 9, 2014, Carrington Mortgage Services sent the Plaintiff a letter indicating that the mortgage loan was being assigned, sold or transferred from Carrington Mortgage Services to Rushmore Loan Management Services effective July 1, 2014.

17. A review of the Court's Docket Report for bankruptcy case number 10-30783 reveals that no Assignment/ Transfer of Claim was filed with the Court.

18. Despite collecting escrow funds for payment of real estate taxes, the Defendants have failed to pay the 2012 real estate taxes due on the property on a timely basis.

19. The Plaintiff requests the Defendants be ordered to immediately pay the 2012 real estate taxes.

20. The Plaintiff requests that the Defendants be required to pay any and all late fees and costs owed to Madison County, Illinois that have accrued as a result of the Defendants' failure to timely pay the 2012 real estate taxes due on the property. Further, the Plaintiff requests that the Defendants be prohibited from attempting to collect any late fees and

charges from the Plaintiff as a result of the Defendants' failure to timely pay the 2012 real estate taxes due on the property.

21. Due to the failure of the Defendants to timely file any and all mortgage payment changes with the Court as required, there appears to be a significant delinquency in post-petition mortgage payments.  Further, there are at least two (2) mortgage payment changes not filed with the Court as required that Plaintiff's counsel has been able to identify.

22. The Plaintiff requests documentation and proof regarding any and all mortgage payment changes from March 29, 2010.

23. The Plaintiff requests an explanation why the Defendants failed to file any and all of the mortgage payment changes with the Court as required.

WHEREFORE, the Plaintiff prays this Honorable Court enter an Order for Declaratory Judgment for the Defendants to immediately pay the 2012 real estate taxes, for the Defendants to pay any and all fees and costs owed to Madison County, Illinois that have accrued as a result of the Defendants' failure to timely pay the 2012 real estate taxes due, that the Defendants be prohibited from attempting to collect any late fees and charges from the Plaintiff as a result of the Defendants' failure to timely pay the 2012 real estate taxes due, that the Defendants provide documentation and proof of any and all mortgage payment changes associated with the note from March 29, 2010, through the current date, that the Defendants be ordered to provide an explanation as to why the Defendants failed to file any and all of the mortgage payment changes with the Court as required, that the Defendants be ordered to pay all reasonable legal fees and expenses incurred by the Plaintiff's attorney pursuant to Bankruptcy Rule 3002.1(i), that Defendants not be allowed to charge attorney's fees or costs for defending this adversary, and for such other relief as the Court deems just and proper.

INGRID MINETTE WOODS,

By: /s/ William A. Mueller  
William A. Mueller-#06187732  
James J. Haller-#06226796  
Rachel A. Hill-#51818  
Attorneys for Plaintiffs  
5312 West Main Street  
Belleville, Illinois 62226  
(618) 236-7000